STATE OF VERMONT

ENVIRONMENTAL COURT

|                                                    |   |                          |
|----------------------------------------------------|---|--------------------------|
|                                                    | } |                          |
| Appeal of Wesco, Inc.                              | } |                          |
| (Warning Notice re: Sign Ordinance Violation) | } | Docket No: 208-10-05 Vtec |
|                                                    | } |                          |

Decision and Order on Cross-Motions for Summary Judgment

Appellant Wesco, Inc., filed an appeal in this Court from a decision of the Development Review Board (DRB) of the City of South Burlington, taken under the City's Sign Ordinance. Appellant is represented by Marc B. Heath, Esq., and William E. Simendinger, Esq.; the City is represented by Amanda S.E. Lafferty, Esq. The parties have moved for summary judgment; the following facts are undisputed unless otherwise noted.

The City of South Burlington adopted a Sign Ordinance under 24 V.S.A. Chapter 59 and §2291, not as a zoning ordinance under 24 V.S.A. Chapter 117, and repealed any inconsistent zoning ordinances. The Sign Ordinance was adopted effective June 3, 2002, and amended on April 8, 2003, and March 8, 2005. Section 24 of the Sign Ordinance pertains to Non-Conforming Signs.

On December 5, 2003, under the City's Land Development Regulations, the Development Review Board (DRB) approved a site plan for 1118 Williston Road, which

showed a free-standing sign in a location in which such a sign had existed for many years.[1] No party appealed that site plan approval, nor a subsequent Certificate of Occupancy. Accordingly, under 24 V.S.A. §4472(d) neither the site plan approval nor the Certificate of Occupancy can be contested, directly or indirectly, either by Appellant or by the City.

---

[1] The parties have not presented evidence to determine whether the sign qualifies as non-conforming due to the widening of Williston Road, under §24(c) of the Sign Ordinance.

On September 2, 2004, the Issuing Municipal Official under the Sign Ordinance, who is also the Zoning Administrator, issued a sign permit allowing replacement of the previously existing sign. Evidence as to the course of dealings between Appellant's representatives and City officials regarding the issuance of the sign permit is not relevant in the present appeal, although it may relate to any estoppel argument made in any subsequent appeal or action. The sign permit did not attach a copy of the approved site plan. On November 22, 2004, the new sign was erected in the same location as the previously existing sign. The cost of the sign materials and labor is not relevant to the present appeal, although it may be relevant in a Superior Court action claiming damages due to estoppel.

On July 15, 2005, the Code Enforcement Officer (the same individual[2] as the Issuing Municipal Officer and the Zoning Administrator) issued a written warning that the new sign was erected less than 20 feet from the Williston Road right-of-way, in violation of §9(c) of the Sign Ordinance, a section adopted in 2002. A month later the Code Enforcement Officer issued a Vermont municipal complaint regarding the sign violation; that complaint is within the jurisdiction of the Vermont Judicial Bureau.

Appellant filed an appeal of the Warning Notice with the Development Review

---

[2] Cf., the multiplicity of offices held by the character Pooh-Bah, in W.S. Gilbert,

The Mikado (1885); Act I, dialogue following No. 3, available at
http://math.boisestate.edu/gas/mikado/webopera.

Board, which is the body designated under the Sign Ordinance to hear municipal appeals under that ordinance. In the present action Appellant sought to appeal to this Court the DRB's denial of its appeal under the Sign Ordinance.

Appeals of actions of municipal officials or boards taken under ordinances adopted under 24 V.S.A. Chapter 59, if appealable, must be filed in Superior Court under V.R.C.P. 75 (or 74). They are not appealable to this Court unless they are taken under 24 V.S.A. Chapter 117 or Chapter 61, subchapter 12. 4 V.S.A. §1001(b). This is the case despite the fact that a single individual may carry out municipal responsibilities under both ordinances, or, indeed, despite the fact that a single municipal panel, the DRB, is the municipal appeals board under both ordinances. Accordingly, the City's Motion for Summary Judgment must be granted and this appeal must be dismissed in this Court, without prejudice to any filings that may be made in Superior Court.

Nevertheless, if 24 V.S.A. §4472 acts as a bar to enforcement of a contrary provision in the Sign Ordinance, that argument may be made in Superior Court in any such appeal, or before the Judicial Bureau in any action to enforce the Sign Ordinance. Similarly, if the criteria for finding estoppel are present in the scenario described in the present motions, that argument may be made in Superior Court in any such appeal, or before the Judicial Bureau in any action to enforce the Sign Ordinance. Indeed, if estoppel is found, but the sign nevertheless must be relocated due to safety or other public interest concerns, it is only the Superior Court that could address a claim for damages. See My Sister's Place v. City of Burlington, 139 Vt. 602, 608-610 (1981).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the City's Motion for Summary Judgment is GRANTED, without prejudice to Appellant's

seeking to file the appeal in any other forum, and Appellant's Motion for Summary Judgment is DENIED, without prejudice to raising the same arguments in any appropriate forum. This decision and order concludes the above-captioned appeal.

Done at Berlin, Vermont, this 28th day of December, 2005.


_____

Merideth Wright

Environmental Judge